The Chancellor.
I think the assistant vice-chancellor erred -in supposing that the dying without issue, in the residuary clause of this will, referred to the death of any of the legatees without issue previous to the death of the testator; and that the testator -intended to give to his widow> and to each of his children who survived him, an absolute estate in an undivided share of the residuary fund. Such a construction is wholly inconsistent with other provisions of- the will. And, if each of -the legatees was to take an absolute interest in the share of the fund immediately upon the death of the testator, the special bequest of the residuary fund to the executors,-,in trust, to invest -the same upon bonds and mortgages or, in stocks^ and to change such stocks and securities,: and reinvest the moneys in similar stocks and securities as often as they should deem proper, would be entirely nugatory. For each of the legatees, or the widow of the téstator as the testamentary - guardian of the minor children, would, upon the assistant, vice chancellor’s construction of the will, be entitled to demand their several shares of the estate immediately upon the death of the testator; or as soon as the property could be sold and converted into money. On the -other hand, if the testator contemplated the contingency of some of - the legatees dying without lawful issue subsequent to his death, and only intended to give, them <a life estate in their shares of the residuary fund in that event, then the trust to invest the residuary fund, so as to secure the capital of the shares of the legatees who might die without issue, for the benefit of the survivors, was not only propel but absolutely necessary.
*145 Again; the limitation of the residuary fund is to the widow and children, and to the heirs of the child or children who may die leaving issue. And though the word heirs, in this case, at the time of the making of this will, was a word of limitation only, and could not give an interest to the heirs of the children, as purchasers, it still is of some importance, to show that the testator did not intend to give an absolute title to such of the legatees as should die without issue. The limitation over to the survivors of the class, upon the death of any of the legatees without leaving issue, was not restricted to a dying without issue in the lifetime of the testator. Nor was the remainder limited upon an indefinite failure of issue; so as to give the legatee who died without having had any issue, an absolute estate in his share. For the limitation over, to the survivors of the class, is, according to the decision of the court for the correction of errors, in the case of Anderson v. Jackson, (16 John. Rep. 383,) sufficient to show that an indefinite failure of issue, was not intended by the testator; but only a failure of issue at the death of the first taker. The limitation over to the surviving legatees was therefore valid : and that part of the decree appealed from, which declares that the residuary estate of the testator was vested absolutely in the five legatees, upon the death of the testator, and that the surviving husband of Mrs, Field became entitled to her share and to the income thereof subsequent to her death, is erroneous, and must be reversed.
Where a remainder, after the termination of a particular estate, is limited to certain specified individuals, or to the survivors of them, the court will refer the survivorship to the death of the testator, and not to the termination of the particular es tote, where such a construction is necessary to give effect to the probable intention of the testator in providing for the surviving issue of such of the objects of his bounty as may happen to die during the continuance of the particular estate. (Dray-ton v. Drayton, 1 Dessaus. Rep. 324. Stringer v. Phillips 1 Eq. Ca. Abr. 293. Moore v. Lyons, 25 Wend. Rep. 119.) It is doubtful, however, whether this rule of construction can *146 tie applied to a case where the particular estate is given to a class, with remainder to the survivors upon the death of some of the class without leaving issue. For such a construction, although it might give to the issue of one of the class who had previously died leaving issue, a part of the share of another of the class who died without leaving issue, would also give to the collateral heirs, or the personal representatives, of one who had previously died without issue, a part of the share of another who should subsequently die without issue.
Thus, in the case under consideration, such a construction would give to the child of Mrs. Corning, and to the husband of Mrs. Buloid, two-fourths of the share of Mrs. Field, who died in 1840, without issue. And if either of the surviving daughters should hereafter die without issue, the same construction would also give to the husband of Mrs. Field, as her representative, one-fourth of that share. It is evident, therefore, that such a construction would be wholly inconsistent with the intention of the testator.
I have no doubt that if the testator had contemplated the event of one of his children dying without issue, subsequent to the death of another child who had left issue, he would have ■provided for that case, by giving such issue a share with the surviving children. But there is no probability that he would, intentionally, have inserted a provision in his will, the effect of which would be to give to the second husband of his widow, after her death, a part of the share of one of the children who had survived her. The language of the will, however, has not given any portion of Mrs. Field’s share to the issue of her deceased sister. It must therefore be distributed equally between the two surviving sisters of Mrs. Field. And there is no benefit of survivorship as to that part of the fund, even if one of those sisters should hereafter die without leaving any issue surviving her. They therefore became absolutely entitled to that portion of the trust fund, immediately upon the death of Mrs. Field; under the limitation in the will to the survivors.
It is difficult to say what the testator could have intended by limiting over the share of his wife to the survivors of the class, *147 in case she should die without leaving issue. For, whether she died before or after the testator, she could not die without leaving issue, if either of the testator’s children, or any of their descendants, survived her; unless the testator had some children by a former marriage, at the time of making his will, who are now dead. The bequest to the widow, as well as to the children, is absolute in its terms; subject only to the contingency of the death of the legatee without leaving issue surviving. And there is nothing in the will restricting either of the legatees to a mere life estate in their respective shares of the residuary property of the testator, except upon the happening of such a contingency. In the events which have occurred, therefore, Mrs. Buloid and. Mrs. Corning, both of whom died leaving issue, were entitled to the whole estate and interest in their respective fifth parts of the testator’s residuary property. And upon their deaths respectively, the same belonged to their hus•bands; under the provisions of the revised statutes relative to the distribution of intestate estates. The appellant, therefore, under the assignment from the residuary legatee of her father, is entitled to one fifth of the residuary estate of her grandfather: and to the income thereof, except the income which had been paid over to her father, or to her mother during the lifetime of the latter. And the complainant, by the decree, must be directed to pay over that fifth of the estate to her, or to her general guardian, if she is still a minor, and the income thereof which has not already been paid to her father or guardian.
Although the defendant, R. Buloid, makes no claim to his late wife’s one fifth of the residuary estate of the testator, he is legally entitled to it, and to the income which has not been paid over by the complainant, to the other legatees, with his as-i sent. And if he does not wish to receive and retain it on his own account, he still may dispose of his interest therein between the two surviving daughters of the. testator and the daughter of Mrs. Coming, so as to make their respective shares in the estate equal; as the testator himself probably would have done if he had contemplated the events which have occurred.
The shares of Mrs. Walker and Mrs. Olcott are still subject *148 to the right of survivorship between themselves, if either of them should hereafter die without leaving issue surviving her. But that contingency is very remote, as each of them has four children. And the chances of survivorship being equal, they and their husbands can give a valid consent that the complainant may pay to each her share of the estate; so that such complainant may be discharged from his trust.
The decree of the assistant vice chancellor must be reversed and modified in the parts appealed from, in conformity with this decision; and must declare the rights of the parties accordingly. And the costs, both of the appellant and the respondent, upon this appeal, must be paid out of the estate of the testator in the hands of the complainant.