New York County.—Hon. D. G. ROLLINS, Surrogate.—March, 1883.

Lyons v. Mahan.

*In the matter of the judicial settlement of the account of Joseph H. Mahan, executor of the last will of* Ellen McGovern, *deceased.*

A devise or bequest to "survivors," in a case where the gift is preceded by a life or other prior interest, is to be construed, in the absence of a

manifest special intent to the contrary, as applying to persons living at the time of testator's death, and not as taking effect only in favor of those who survive until the period of distribution. *It seems,* that the English rule is *contra.*

Testatrix devised two parcels of real property to her executor, in trust to collect the rents, or, in his discretion, to sell, invest the proceeds and collect the income thereof, and to apply a portion of the rents or income to the support of her mother during life, so much thereof as necessary to the education and support of an infant son during his minority, and the balance to the use of J. T. and M., her children by a former marriage; one of the parcels, or its avails, to go to said infant son, after the death of testatrix's mother and the attainment of majority by him. Then followed the clause: "and all the rest, residue and remainder of my property and estate, *I do then give, devise and bequeath* to my children J. T. & M., the survivor and survivors of them, share and share alike." When testatrix's mother had died and the infant legatee became of age, T. was living, M. had died leaving a husband and no issue, and J. had died leaving a widow and a son. A contest having arisen upon the proper construction of the will as to the disposition of the residue,—T. claiming the whole thereof, as having alone "survived,"—*Held,*

1. That the devise to sell effected an immediate equitable conversion of the land into personalty, and J.'s son was not entitled to a third of the residue, as the heir at law of his father.

2. That the survivorship, indicated in the clause quoted, related to the death of testatrix, and not to the future death of the mother and attainment of majority by the infant son; that the residuum, accordingly, vested as personalty in J. T. and M., at the time of testatrix's death,—this result not being inconsistent with the vesting of the legal title in the executor.

CONTEST over the construction of decedent's will, upon executor's accounting. The facts appear sufficiently in the opinion.

TOWNSEND & MAHAN, *for executor.*

WILLIAM J. KANE, *for Thomas F. Lyons.*

WILLIAM F. REILLY, *guardian ad litem for John Lyons, an infant.*

THE SURROGATE.—By the will of the testatrix, two parcels of real estate, situated at Nos. 611 and 613 Elev-

enth avenue, in this city, are devised in trust to her executor.

1. Such executor is directed to collect and receive the income and profits thereof, or, in his discretion, to sell and convey the same in whole or in part, to invest the proceeds, and to collect and receive the income and profits of such proceeds, and, out of the moneys thus obtained, to pay a certain sum for the support and maintenance of the mother of the testatrix during her life.

2. The executor is further directed to pay such sums as may be necessary or proper for the education, support and maintenance of James, the youngest child of the testatrix.

3. Any balance of income and profits, arising during the minority of James, is directed to be equally divided between Thomas, John and Mary, three other children of the testatrix born of a former marriage.

4. In the event of the death of the mother of the testatrix, before her son James should attain the age of twenty-one, the will provides that the net income and profits of the premises, 613 Eleventh avenue (or of the proceeds thereof, in case the same shall then have been sold) shall be applied, after certain deductions therefrom, to the use of James until he shall have come of age.

5. Upon the death of the mother of the testatrix, and the coming of age of James, the premises, 613 Eleventh avenue, or the avails thereof, if the premises have been sold, together with all accumulations, etc., are given to her son James.

6. Then comes the following clause: "And all the rest, residue and remainder of my property and estate, *I do then give, devise and bequeath* to my children, John,

Thomas and Mary, the survivor and survivors of them, share and share alike."

The mother of the testatrix has since died, and the son James has come of age.  When these events happened, Thomas alone of the three residuary beneficiaries, was living; Mary, at her death, had left a husband and no · issue; and John had died, leaving a widow and one son.  It is now claimed by Thomas that he is entitled to the entire residuary estate, because he alone "survived" the death of the decedent's mother and the coming of age of James.

Several authorities have been cited in support of this contention.  They might be supplemented by very many others.  Indeed, in 3 Jarman on Wills (*5th Am. ed.*, *588*), the following proposition is declared to be fairly deducible from recent English decisions, which are there made the subject of a careful and elaborate review: "One scarcely need hesitate to affirm that the rule, which reads a gift to survivors simply as applying to objects living at the death of the testator, is confined to those cases in which there is no other period to which survivorship can be referred; and that, where such gift is preceded by a life or other prior interest, it takes effect in favor of those who survive the period of distribution, and of those only."

The courts of this State, however, have repeatedly asserted a different doctrine, as is abundantly disclosed by reference to the following list of cases:

1840, Moore v. Lyons (*25 Wend., 144*); 1845, Williamson v. Field ( *1 Sandf. Ch., 533*); 1848, Lovett v. Buloid, (*3 Barb. Ch., 145*); 1850, Johnson v. Valentine (*4 Sandf., 36*); 1871, Scott v. Guernsey (*48 N. Y., 106*); 1871, Manice

v. Manice (*43 N. Y., 303*); 1873, McKinstry v. Sanders (*2 T. & C., 181*); 1873, Livingston v. Greene (*52 N. Y., 118*); 1873, Kelly v. Kelly (*61 N. Y., 50*); 1874, Hopkins v. Hopkins (*1 Hun, 355*); 1874, Weed v. Aldrich (*2 Hun, 531*); 1877, Bedell v. Guyon (*12 Hun, 396*); 1877, Embury v. Sheldon (*68 N. Y., 227*); 1877, Stevenson v. Lesley (*70 N. Y., 512*); 1879, Warner v. Durant (*76 N. Y., 133*); 1882, Robert v. Corning (*89 N. Y., 225*).

Upon the authorities thus cited, it must be held that the right to take whatever might ultimately prove to be the *residuum* of this estate vested, at the death of the testatrix, in the three children whom her will named as her residuary beneficiaries, and that, no special intent to the contrary appearing in the will, its reference to survivorship must be construed as referring to the death of the testatrix herself. The word "then," in the phrase which has been quoted from her will, "I do *then* give, etc.," must be construed as indicating the time when the estate in remainder was to be actually enjoyed by the three children, and not the time when their interest was to become vested.

There is nothing in the claim of counsel that, because the legal title to this estate passed by the will to the executors as trustees, the interest of the remaindermen could not vest at the death of the testatrix (see Stevenson v. Lesley, *70 N. Y., 512, supra;* Robert v. Corning, *89 N. Y., 225, supra*).

It is claimed, by the special guardian representing the interests of the infant child of decedent's son John, that the property to which the will relates must still be regarded as realty, and that his ward is entitled to his father's share therein, as his sole heir-at-law.

This view cannot be sustained. The property was, in in fact, sold soon after decedent's death. And, even if it were otherwise, the power of sale, though in form discretionary, must be regarded, in view of the whole scheme of the will, and especially of the provisions for the final distribution of the estate, as evincing an intention on the part of the testatrix that the realty should be sold and converted into money, and as, accordingly, constituting an equitable conversion into personalty from the death of testatrix (Dodge v. Pond, *23 N. Y., 69*).

A decree may be entered in conformity with this decision.