In the Matter of the Final Judicial Settlement of the Account of JOSEPH H. MAHAN, as Executor, etc., of ELLEN McGOVERN, Deceased.

*Will — construction of a devise of a remainder — when words of survivorship will be held to refer to the death of the testator and not of the tenant for life — equitable conversion.*

A testatrix devised two pieces of real estate to her executor, to collect and receive the income thereof, or in his discretion to sell and convey the same and invest the proceeds thereof, and out of the income to pay a certain sum for the support of the testatrix's mother, and so much as might be necessary for the support and education of her youngest son James; any balance to be paid to her three other children, Thomas, John and Mary. Upon the death of the mother, during the minority of James, the income of a part of the real estate, or its proceeds, was to be paid to James, and upon his coming of age the said real estate, or its proceeds, was given to him. The residuary clause was as follows: "And all the rest, residue and remainder of my property and estate I do *then* give, devise and bequeath to my children, John, Thomas and Mary, the survivor and survivors of them, share and share alike."

*Held,* that the children named in the residuary clause of the will took vested estates in remainder immediately upon the death of the testatrix, which would not be divested by their subsequent death during the lifetime of the mother, or the minority of James, and that the word "then," as used in the residuary clause, indicated only the time when the estate was to be enjoyed by them.

That it was the intention of the testatrix that the real estate should be converted into personal property, and that the proceeds of such of it as had been sold should be treated as personal property in distributing it among the children and their representatives.

Appeal from a final decree of the surrogate of the county of New York, upon the final settlement of the accounting of Joseph H. Mahan, as executor of Ellen McGovern, deceased.

*Wm. J. Kane,* for Thomas F. Lyons, appellant.

*Townsend & MacMahon,* for Joseph H. Mahan, executor, etc., respondent.

*Wm. F. Riley,* guardian *ad litem* of John Lyons.

*W. D. Burke,* for Margaret Lyons, administratrix, etc., respondent.

*J. K. Burton* and *W. C. Findley,* for James R. Langdon, respondent.

Davis, P. J.:

Upon pronouncing the decree in this case the learned surrogate delivered the following opinion:

Opinion of the Surrogate — Estate of Ellen McGovern, *Deceased.*

Rollins, S. — By the will of the testatrix two parcels of real estate situate at Nos. 611 and 613 Eleventh avenue, in this city, are devised in trust to her executor.

1. Such executor is directed to collect and receive the income and profits thereof, or in his discretion to sell and convey the same in whole or in part, to invest the proceeds and to collect and receive the income and profits of such proceeds, and out of the moneys thus obtained to pay a certain sum for the support and maintenance of the mother of the testatrix during her life.

2. The executor is further directed to pay such sums as may be necessary or proper for the education, support and maintenance of James, the youngest child of the testatrix.

3. Any balance of income and profits arising during the minority of James is directed to be equally divided between Thomas, John and Mary, three other children of the testatrix, born of a former marriage.

4. In the event of the death of the mother of the testatrix before her son James shall attain the age of twenty-one, the will provides that the net income and profits of the premises 613 Eleventh avenue (or of the proceeds thereof, in case the same shall then have been sold) shall be applied, after certain deductions therefrom, to the use of James until he shall come of age.

5. Upon the death of the mother of the testatrix and the coming of age of James, the premises 613 Eleventh avenue, or the avails thereof, if the premises have been sold, together with all accumulations, etc., are given to her son James.

6. Then comes the following clause: " And all the rest, residue and remainder of my property and estate I do then give, devise and bequeath to my children, John, Thomas and Mary, the survivor and survivors and of them share and share alike."

The mother of the testatrix has since died, and the son James has come of age. When these events happened Thomas alone of

·the three residuary beneficiaries was living. Mary, at her death, had left a husband and no issue, and John had died leaving a widow and one son. It is now claimed by Thomas that he is entitled to the entire residuary estate, because he alone "survived" the death of the decedent's mother and the coming of age of James.

Several authorities have been cited in support of this contention. They might be supplemented by very many others. Indeed, in Jarman on Wills (vol. 3 [5th Am. ed.], 588), the following proposi-tion is declared to be fairly deducible from recent English decisions which are there made the subject of a careful and elaborate review : "One scarcely need hesitate to affirm that the rule which reads a gift to survivors simply as applying to objects living at the death of the testator is confined to those cases in which there is no other period to which survivorship can be referred; and that where such gift is preceded by a life or other prior interest, it takes effect in favor of those who survive the period of distribution and of those only." The courts of this State, however, have repeatedly asserted a different doctrine, as is abundantly disclosed by reference to the following list of cases: 1840, *Moore* v. *Lyons* (25 Wend., 144); 1845, *Williamson* v. *Field* (2 Sandf. Ch., 605 [551]); 1848, *Lovett* v. *Buloid* (3 Barb. Ch., 145); 1850, *Johnson* v. *Valentine* (4 Sandf., 36); 1871, *Scott* v. *Guernsey* (48 N. Y., 106); 1871, *Manice* v. *Manice* (43 id., 303); 1873, *McKinstry* v. *Sanders* (2 T. & C., 181); 1873, *Livingston* v. *Greene* (52 N. Y., 118); 1873, *Kelly* v. *Kelly* (61 id., 50); 1874, *Hopkins* v. *Hopkins* (1 Hun, 355); 1874, *Weed* v. *Aldrich* (2 id., 531); 1877, *Bedell* v. *Guyon* (12 id., 396); 1877, *Embury* v. *Sheldon* (68 N. Y., 227); 1877, *Stevenson* v. *Lesley* (70 id., 512); 1879, *Warner* v. *Durant* (76 id., 133); 1882, *Robert* v. *Corning* (89 id., 225).

Upon the authorities thus cited, it must be held that the right to take whatever might ultimately prove to be the residuum of this estate vested at the death of the testatrix in the three children whom the will named as her residuary beneficiaries, and that no special intent to the contrary appearing in the will, its reference to survivorship must be construed as referring to the death of the testatrix herself. The word "then" in the phrase, which has been quoted from her will, "I do then give, etc.," must be construed as indicating the time when the estate in remainder was to be actually

enjoyed by the three children, and not the time when their interest was to become vested.

There is nothing in the claim of counsel that because the legal title to this estate passed by the will to the executors as trustees, the interest of the remaindermen could not vest at the death of the testatrix. (See *Stevenson* v. *Lesley*, 70 N. Y., 512, *supra* ; *Robert* v. *Corning*, 89 id., 225, *supra*.)

It is claimed by the special guardian, representing the interests of the infant child of decedent's son John, that the property to which the will relates must still be regarded as realty, and that his ward is entitled to his father's share therein as his sole heir at law.

This view cannot be sustained. The property was in fact sold soon after decedent's death. And even if it were otherwise, the power of sale, though in form discretionary, must be regarded, in view of the whole scheme of the will, and especially of the provisions for final distribution of the estate, as evincing an intention on the part of the testatrix that the realty should be sold and converted into money, and as accordingly constituting an equitable conversion into personalty from the death of testatrix. (*Dodge* v. *Pond*, 23 N. Y., 69.) A decree may be entered in conformity to this decision."

This opinion contains a correct synopsis of the will, and presents very clearly the questions that arise upon its construction.

It will be seen that the clause of the will upon which those questions arise is the following : " And all the rest, residue and remainder of my property and estate I do then give, devise and bequeath to my children, John, Thomas and Mary, the survivor and survivors of them, share and share alike." And the question is whether by the words survivor and survivors, as used in this clause, the testatrix meant a survivorship of herself, or one that might occur subsequently to her death, between the several children named in the clause.

Under the English authorities, there would probably be no doubt that the construction should be in favor of a survivorship among the children ; but the numerous cases cited by the learned surrogate seem to settle that the survivorship must be referred to the death of the testatrix. Though strongly inclined to think that in this case

the English construction would be the correct one, the authorities referred to require us to concur with the learned surrogate in the views expressed by him upon this question. Under such a construction, the word "then," as used in this clause of the will, is only to be regarded as indicating the time when the estate in remainder was intended to be enjoyed by the children, although for such purposes it was of course surplusage.

The question whether the realty devised should be treated as converted into personalty for the purposes of the will, has been regarded by the learned surrogate as controlled by *Dodge* v. *Pond* (23 N. Y., 69), which holds to the effect that where the scheme of the will provides for final distribution of the estate, and evinces an intention on the part of the testator that the realty shall be sold and converted into money, and such intention has been carried into effect, the will should be construed as directing an equitable conversion. It seems quite clear that a conversion by sale of the estate in this case was not only in contemplation by the testatrix, but was substantially necessary to accomplish her purposes. The real estate was sold very soon after her decease, and its proceeds have remained in the form of securities in the hands of her executor. We concur therefore in the views expressed by the surrogate, and adopt his opinion as one correctly disposing of the questions in the case. The decree, therefore should be affirmed, but under the circumstances we think without costs.

BRADY and DANIELS, JJ., concurred.

Decree affirmed, without costs.