SOPHIA R. EMBURY, Respondent, *v.* HENRY K. SHELDON, Executor, etc., et al., Appellants.

The will of E., after various devises and bequests, gave the residue of his estate to his executors in trust, among other things to receive the rents, issues and profits during the life of his son J., and to pay the net amount thereof in equal proportions to his four children J., A., D. and P. After the death of J. one-fourth of the residue was given to his children, and

68  227
111  188

68  227
112  181

68  227
134  317

68  227
140  146

68  227
142  437

one-fourth to each of the other children of the testator. The will then provided that in case of the death of A. D. or P., "leaving lawful issue surviving them," that "such issue shall take of income as well as principal the share the parent would have been entitled to if living, and should no lawful issue survive them the share of the one so dying shall go to the survivors" of the three and to the children of J. in equal proportions. The executors were appointed guardians of all minors entitled under the will to any part of the estate. D. died after the death of the testator and during the life of J., leaving the plaintiff, his widow, and one child, a son, him surviving, and leaving a will, by which he gave all his estate to his widow. The son died in infancy. *Held,* that the death of a child referred to in the will meant a death during the lifetime of the testator, and, upon the death of the testator, D. took an absolute vested remainder in the residuary estate, which passed to plaintiff under the will of D.; but that if the death referred to meant a death after the death of the testator, the estate of which D. was seized was only limited in case he left no lawful issue, and, as he died leaving a son, the latter became vested with the interest to which the father was entitled, and upon his death it passed to the plaintiff.

Also, *held,* that plaintiff was entitled to the proportionate share of the intermediate rents and income accruing after the death of her son until the close of the trust estate; that such an intent was to be inferred from the will; but if not, as by the will the share of one dying goes to the survivor only in case of a death without issue, the rents and profits upon D.'s death were "undisposed of," and, no provision being made for their accumulation, they went, by virtue of the Revised Statutes (1 R. S., 726, § 40), to plaintiff as the one "presumptively entitled to such eventual estate."

(Argued December 15, 1876; decided January 16, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department affirming a judgment in favor of plaintiff, entered upon an order overruling a demurrer to plaintiff's complaint.

This action was brought for an accounting on the part of defendant Sheldon as executor and trustee under the will of Daniel Embury, deceased, concerning the rents, profits and income of the estate in his hands, and to require him to pay over a share thereof claimed by plaintiff. The complaint set forth in substance the following facts:

Daniel Embury, Sr., made his will in February, 1861. He died in 1864. At the time the will was made the wife of the

testator was living, and he had four children living, Anna K.
Sheldon, James William Embury, Daniel Embury, Jr., and
Philip Augustus Embury.   After the will was made and
before the death of the testator his wife died, and his son
Philip Augustus also died without issue, so that at the time
of his death the testator left him surviving three children,
Anna, James and Daniel, and they were his only heirs at law
and next of kin.

The will, after various bequests and devises, contained this
clause :

" Fifthly.  All the rest, residue and remainder of my estate,
real and personal, I give, devise and bequeath to my executors
hereinafter named or to such of them as shall take upon them-
selves the execution of this my will; to have and to hold in
trust for the purposes following, namely :

" 1.  To receive the rents, incomes, issues and profits thereof,
for and during the lifetime of my said wife, and after paying
all necessary expenses and the sums necessary for the support
of my wife, as directed in the second clause of this will, to
pay the remainder thereof to my daughter Anna K. Sheldon,
and my son James William Embury in trust for the support of
himself, his wife and children; my sons Daniel Embury and
Philip Augustus Embury in equal proportions.

" Secondly.  After the decease of my said wife, in trust, to
receive the rents, issues, income and profits thereof for and
during the lifetime of my son, James W. Embury, and, after
paying all necessary expenses, .to pay the net amount to the
persons last above named, in equal proportions ; and upon the
death of the said James W. Embury, the trust aforesaid shall
cease ; and I hereby give, devise and bequeath the said rest,
residue and remainder of my estate as follows: one-fourth
part thereof to my daughter, Anna K. Sheldon, for her sole
and separate estate, pursuant to the statute ; one other fourth
part thereof to the children of my said son, James William
Embury; one other fourth part thereof to my son Daniel
Embury, and one other fourth part thereof to my son Philip
Augustus Embury.   In case of the death of Anna, Daniel or

Philip, leaving lawful issue surviving them, I order and direct that such issue shall take, of income as well as principal, the share which the parent would have been entitled to if living; and should no lawful issue survive them, the share of the one so dying shall go to the survivors of the last above-named persons, and the children of my son James William, in equal proportions, *per stirpes*, and not *per capita ;* and in case of the death of any child of my son James William, leaving lawful issue him or her surviving, such issue to take the share which the parent would have been entitled to if living. In case my son James William leave no children nor grandchildren him surviving, then their share of my estate shall form part of my residuary estate, and be divided among the said Anna, Daniel and Philip Augustus, the survivors and survivor of them, and the children of such as may be deceased, equally *per stirpes*, and not *per capita ;* and I hereby appoint my executors guardians of the estates of all minors who, under the provisions of this, my will, may become entitled to any part of my estate."

The testator's son Daniel married the plaintiff herein in 1860, and had one child, a son, born in 1867. Said Daniel died in 1869, leaving his wife and said son his only issue him surviving. The son died in 1873. Daniel left a will, which was duly admitted to probate, by which he devised and bequeathed all of his estate to the plaintiff. James W. Embury is still living.

Plaintiff claimed to be entitled to the one-third share of the rents, issues and profits of the estate to which her husband was entitled during his life, and alleged that defendant Sheldon had refused to recognize her claim, and denied that she had any right to any portion thereof.

Defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action.

*Samuel Hand* for the appellants. Plaintiff was not one of the persons for whose benefit the trust was created by the last will of Daniel Embury. (1 R. S., 729, § 60; 3 id., § 79

[5th ed.].) Neither plaintiff's husband nor his son had any estate or interest in the testator's property, except a remainder contingent on their surviving the termination of the trust. (*Noyes* v. *Blakeman*, 2 Seld., 567, 578 ; *Amory* v. *Lord*, 9 N. Y., 403, 411, 413 ; 1 R. S., 730, § 63 ; 3 id., 21, § 82 [5th ed.] ; *Yale* v. *Dederer*, 18 N. Y., 267.) Plaintiff is not a person " presumptively entitled " to any " eventual estate " in the testator's property. (2 Jar. on Wills, 648–652 ; *Hill* v. *Bk.*, 45 N. H., 270 ; *Swinton* v. *Legere*, 2 McCord., 440 ; *Pond* v. *Bergh*, 10 Paige, 140 ; *Simmes* v. *Garrat*, 1 D. & B. [N. C.], Eq., 393 ; *Gott* v. *Cook*, 7 Paige, 539.)

*Charles A. Peabody* for the respondent. The capital of the estate vested in interest at the testator's death. (1 R. S., 723 [1st ed.], § 13 ; *Moore* v. *Lyons*, 25 Wend., 119 ; *Livingston* v. *Greene*, 52 N. Y., 124 ; *Martin* v. *Kirby*, 11 Grat. [Va.], 77.) Plaintiff took either by her husband's will or her son's intestacy. (2 R. S., 97, § 74 [1st ed.] ; 1 id., 752, § 6 [1st ed.] ; id., 723, § 13 ; 1 Jar. on Wills [3d Lond. ed., by W. & V.], 758, chap. 25, § 1 ; *Moore* v. *Lyons*, 25 Wend., 119.) Plaintiff, as the person entitled to the next eventual estate in one-third of the capital, is entitled to receive the intermediate rents and profits accruing from it. (*Kirkpatrick* v. *Johnson*, 15 N. Y., 326 ; *Gilman* v. *Redington*, 24 id., 19 ; *Schettler* v. *Smith*, 41 id., 340–349 ; *Mason* v. *Mason*, 2 Sandf. Ch., 433 ; *Mason* v. *Jones*, 2 Barb., 229–242 ; 3 Comst., 375 ; *Striker* v. *Mott*, 28 N. Y., 90 ; *Adams* v. *Adams*, 6 Ad. & E. [N. S.], 866 ; *Wykham* v. *Wykham*, 11 East, 458 ; Fletcher on Trust., 48 ; *Doe* v. *Edler*, 4 Ad. & E., 589 ; *Barker* v. *Greenwood*, 4 M. & W., 429 ; *Doe* v. *Nicholls*, 1 B. & C., 336 ; 1 Powell on Devises, 221, note 7 ; *Doe* v. *Ironmonger*, 3 East, 535 ; *Brewster* v. *Striker*, 2 Comst., 33 ; *Striker* v. *Mott*, 28 N. Y., 82 ; *Irving* v. *De Kay*, 9 Paige, 529 ; 5 Den., 653 ; 10 J. R., 595 ; *Richardson* v. *Stodder*, 100 Mass., 529.) Equitable interests always pass to heirs at law and next of kin, as legal estates do at law. (*Price* v. *Sisson*, 2 Beas., 169 ; *Cowper* v. *Cowper*, 2 P. Wms., 750 ; *Burgess* v. *Wheate*, 1 Wm. Black,

123 ; 1 Eden, 226 ; *Banks* v *Sutton*, 2 P. Wms., 715 ; *Crox-all* v. *Sterard*, 5 Wal., 268 ; 1 Perry on Trusts, §§ 321, 324, 325, 357 ; *Matthews* v. *Wardel*, 10 G. & J., 443 ; *Cholmun-dely* v. *Clinton*, 2 J. & W., 148 ; *Walton* v. *Walton*, 7 J. Ch., 570 ; *Doe* v. *Laning*, 2 Bur., 1109 ; *Philips* v. *Bridges*, 3 Ves., 127 ; *Freye* v. *Porter*, 1 Mod., 300 ; *Noble* v. *Andrews*, 37 Conn., 346.)

MILLER, J.   The testator died in 1864, and by his will, after making certain specific bequests and devises, by the fifth general division, he disposed of the residue of his estate to his executors in trust: First, to receive the income thereof during the lifetime of his wife, and after paying all necessary expenses and the sums necessary for her support, to pay the remainder thereof to his daughter Anna and his three sons, James, Daniel and Philip Augustus, in equal proportions; second, after the decease of his wife, in trust to receive the rents, incomes, issues and profits thereof for and during the lifetime of his son James W. Embury, and after paying all necessary expenses to pay the net amount to the persons last named in equal proportion.   He further provided that, upon the death of said James W. Embury, the trust should cease, and he gave and devised the remainder of the estate, after the termination of the trust, to his four children, previously named, the last of whom, Philip Augustus, died before the testator, without issue.   The will then proceeds as follows : " In case of the death of Anna, Daniel or Philip, leaving lawful issue surviving them, I direct that such issue shall take of income, as well as principal, the share which the parent would have been entitled to if living ; and should no lawful issue survive them, the share of the one so dying shall go to the survivors of the last above-named persons, and the children of my son, James W., in equal proportions, *per stirpes* and not *per capita*."

The wife of the testator having died before him the first provision lapsed and became inoperative.   The testator's son Daniel married the plaintiff before the death of his father,

and died in 1869, leaving the plaintiff his survivor, and one son, Louis, him surviving, who, also, died in 1873. Daniel Embury, Jr., left a will, by which he gave all his estate to his wife, the plaintiff. The question to be determined in this appeal relates to the trust estate, and especially upon the construction to be put upon that portion of the will last cited, and whether the share of Daniel in the remainder became vested in him upon the death of his father and passed from him to the plaintiff under his will, or whether it passed to his son Louis, and from Louis, upon his death, to his mother, the plaintiff, or whether, upon the death of Louis, it went to the other children of the testator named in the will. We think that, by the will, Daniel Embury, Jr., upon the death of the testator, took a vested remainder in his residuary estate, and was entitled to an immediate right to the possession of his share of the estate, upon the death of James W. Embury, during whose life the executors held the precedent and intermediate estate. The language of the second subdivision above cited, in the absence of any other controlling provision showing a contrary intention, according to the recognized rule of construction applicable to wills, refers to a death in the lifetime of the testator. (*Livingston* v. *Green*, 52 N. Y., 118, and cases cited.) Instead of there being any such controlling provision, the last paragraph of the second subdivision appointing the executors guardians of all minors who may become entitled to a share under the will, confirms the presumed intent. If this construction is correct, then Daniel Embury, Jr., having survived the testator, took, upon the death of the latter, an absolute vested remainder in the estate.

But if the death means a death after the death of the testator, the estate of which Daniel Embury, Jr., was seized, was only limited in case he left no lawful issue surviving him, and as he died leaving his son Louis, his issue, the latter became vested with the interest to which his father was entitled. Whether Daniel Embury, Jr., died before or after the testator's death makes no difference as it was only in the event of his dying without issue that his interest was limited

to the survivors. The language of the will is in the present tense, and the gift is unqualified in its terms — Daniel, therefore, took an absolute indefeasible estate in remainder, expectant on the final termination of the trust-term, and upon his death it passed to Louis, and upon the death of Louis, to his mother, the plaintiff, without regard to the will of her husband.

The claim made that the trustees became entitled to the entire estate under the Revised Statutes, so as to prevent the vesting of the remainder in Daniel Embury, Jr., is, we think, unfounded as will be seen by an examination of the statutes bearing upon the subject. By section 55 (1 Revised Statutes, 723), express trusts may be created to receive the rents and profits of lands and apply the same as provided. By section 60 (1 Revised Statutes, 729), every express trust valid in its creation, except as otherwise provided, vests the whole estate in the trustees subject to the execution of the trust, and it declares that the person for whose benefit the trust is created, shall take no estate or interest in the lands. From this provision it is plain that the trustees under the will became vested with a present existing legal estate, which was to terminate upon the death of James W. Embury, the testator's son, in accordance with its provisions. *The interest thus vested did not, however, extend beyond this.* And while such estate existed each of the beneficiaries named in the clause · cited also was seized of a vested interest in the remainder, with the right to the possession of the same upon the termination of the trust. This absolute estate existed upon the death of the testator. 1 Revised Statutes, 723 (section 13), declares that estates are vested where there is a person in being who has an immediate right to the possession of the lands upon the ceasing of the intermediate or present estate. Daniel Embury, Jr., was a person in being who had a clear right to a portion of the estate in question upon the termination of the trust and comes directly within the provision last cited. This estate became vested when the testator departed this life. It is no answer to this position to say that the estate was vested in the trustees and Daniel

had no interest under section 60 already cited, *for the right acquired by the trustees was merely for the purposes of the trust* and nothing beyond that.    It is true that during the existence of the trust the trustees were given full power to administer the trust, and, for this purpose, were vested with entire control over the estate; but such a temporary interest does not interfere with or prevent the vesting of the remainder upon the termination of the trust estate, subject to the rights of the trustees during the intermediate period.    Nor does the declaration in section 60, to the effect, that the *cestui que trust* shall take no estate, conflict with the right to the remainder, or prevent the vesting of the same.    It only applies to the trust estate, and the two estates are entirely consistent, and may exist at the same time.    With this construction, both sections of the statutes last cited are entirely harmonious; while, with a different one, they would be inconsistent and irreconcilable.

The right of Daniel Embury, Jr., to a vested interest under the will is also upheld by the rules of law applicable to cases of a similar character, and, we think, in accordance with the decisions of the courts, where the testator made provision for the disposition of his estate in case of the death of either of his children he evidently referred to such an event *prior* to his own decease and not at the close of the trust.    In *Moore v. Lyons* (25 Wend., 119), it was held that a devise of real estate to one for life, and from and after his death to three others, or to the survivor or survivors of them, their or his heirs or assigns forever, that the remainder-men took a vested interest at the death of the testator, and that the words of survivorship refer to the death of the testator and not to the death of the tenant for life, unless, from other parts of the will, it be manifest that the intent of the testator was otherwise.    The same principle is applicable here, as it is not apparent that the testator designed to deprive either of his children of the right to dispose of the body of the estate. There are numerous authorities which support the interpretation given, and hold that words employed under like circum-

stances, in reference to the time when the remainder of the estate vests, are to be considered as referring to the testator's death. (*Livingston* v. *Green*, *supra* ; *Boraston's Case*, 3 T., 19 ; *Fulton* v. *Williams*, Proc. in Ch., 73 ; 2 Eq. Cases Abr., 344 ; *Goodtitle* v. *Whitby*, 1 Burr., 228.) In the last case cited it was held that where an absolute property is given, and a particular interest in the meantime, it does not operate as a condition precedent, but as a *description* of the time when the remainder-man is to take possession.

In *Livingston* v. *Greene* (*supra*), the testator, after leaving a life estate in his real estate to his wife, upon her death, bequeathed the estate in the following language : To " all my children and to their heirs and assigns, to be equally divided, share and share alike, and should any of the children die and leave lawful issue such heirs to receive " the parent's portion, and by a subsequent provision he declared that upon the death of his wife and a division of the estate, as provided, among the children, their shares should be an estate in fee. It was held that the words " after " and " upon the death of his wife," and like words, do not make a contingency, but merely indicate when the remainder *shall take effect in possession* — the commencement of the enjoyment of the estate ; that the language relating to the death of his children leaving lawful heirs, in the absence of any other controlling provisions, refers to a death in the *lifetime* of the testator, and a vested remainder was created in the children. This case is directly in point, and not so strong as the case at bar.

In support of the same general rule is the well-settled principle that the law favors the vesting of estates, and unless the intention be unequivocally expressed to the contrary, it will not be imputed to the contrary. (4 Kent., 204 ; 2 Wash. on R. Prop., 510 ; 43 N. Y., 318.) And the remainder is not to be considered as contingent in any case where it may be vested consistently with the intention of the testator. (*Moore* v. *Lyons*, 25 Wend., 144, *supra*.)

Although some of the cases to which we have been referred by the defendant's counsel may be considered as holding a

different doctrine from that laid down in the cases cited, we think that they are adverse to the weight of authority and to the rule in this State, as established in the reported decisions.

As the remainder of the estate became vested upon the death of the testator, we think that it was subject to alienation by Daniel Embury, Jr., and no provision of the Revised Statutes interferes with the right of the remainder-man to make a disposition of the same. (1 R. S., 722, § 6 ; id., 725, § 25.) But it is not material whether the plaintiff took by the will; for, as we have seen, it is entirely clear that she took by descent or succession from Louis, her son. (1 R. S., 752, § 6.)

The plaintiff being entitled to a vested remainder in the future estate created by the testator after the expiration of the trust term, had also a right to the intermediate rents and income which might accrue after the death of Louis, until the trust estate was finally brought to a close.

In regard to such rents and income, the intention of the testator is apparent from the will itself, which provides for their disposition to the lawful issue of Daniel Embury, Jr., in case of his death, leaving such issue surviving him. If, however, no disposition is made of such rents and income by the will, then if Louis had died, leaving a widow and children, they would be precluded from taking under the same. Such a result would be inconsistent with the plain import of the will and against the manifest intention of the testator. That such was not the design is also apparent from the further provision that only in the case of the death of Daniel without issue surviving him, the rents and profits should go to other members of the family, who are named. But if such intention is not to be presumed, then the rents and profits would be "undisposed of," and as no provision is made for the accumulation of the same by virtue of section 40, 1 Revised Statutes, 726, they passed to the plaintiff as the person "presumptively entitled to such eventual estate." This provision of the statute has been held to apply in cases bearing similar characteristics. (*Kilpatrick* v. *Johnson*, 15 N. Y., 326;

*Gilman* v. *Reddington,* 24 id., 19 ; *Schettler* v. *Smith,* 41 id., 340, 349.)

After a careful examination we discover no reasons assigned by the revisers for the section last referred to, which are inconsistent with the interpretation given, and we think that such construction is fully sustained by the authorities last cited.

It is insisted, however, that under section 62 (1 R. S., 729) the right to a share of the rents and profits being undisposed of by the will, goes to the heirs of the testator. This position, we think, cannot be maintained, because, 1st, Such a construction would render the section last cited inconsistent with section 40, and as a statute is to be construed so as to give effect to the whole if possible, it will be presumed that section 62 was intended to cover cases other than those provided for by section 40. 2d, It is clear that section 62 was intended to provide for undisposed of legal estates or interests in land, as it declares that "the estate and interest shall go to the heirs as a legal estate." By section 60 the beneficiaries under the will in question, during the existence of the trust estate, take no interest, legal or equitable, in the lands ; and as to the trust estate, only have a right to enforce the performance of the trust in equity. But during the life of the trust the estate is vested in the trustees, and after its expiration the remainder-men take in possession. It thus appears that there is no estate or interest which can pass as a legal estate "undisposed of," and merely an equitable right to require the trustees to account or pay over a share in the rents, income and profits to such person as may be entitled to the same, and section 40 points out distinctly to whom this equitable right belongs.

It is also claimed that section 40 applies to a pure legal estate, and that no *expectant* estate is limited to the plaintiff with its terms. We think it is applicable to all cases where trusts are created and there is an expectant estate. It was not necessary that the plaintiff should be named as the expectant to make it applicable here, and it is sufficient that by the death

of the persons entitled to the same she has lawfully become such expectant and takes the place of the expectant.

Although section 40 is in the article of the Revised Statutes which relates to the creation and division of estates, and not in the article in regard to uses and trusts, this does not affect its application to the trusts now considered created by the testator. The authorities cited, where it has been held to apply, when uses and trusts had been created, are in point and determine the question.

The judgment of the General Term was right and should be affirmed.

All concur.

Judgment affirmed.