## N. Y. COMMON PLEAS.

JANE MARIA LEONARD *et al.* agt. SOPHIE KINGSLAND.

*Will — Construction of — Devise to a person with remainder over in case of his death — Meaning of.*

The testator by his will devised his residuary estate to one of his sons and to his heirs; but if he died without issue, then to the testator's remaining children.

*Held,* that the contingency of the death of the son meant his death during the lifetime of the testator, and the contingency never having happened, the residuary estate vested in him absolutely.

*General Term, July,* 1884.

*Before* C. P. DALY, *P. J.;* LARREMORE *and* BEACH, *JJ.*

DALY. *C. J.* — The contingency referred to in the will of Daniel Kingsland, the elder — the death of Daniel Kingsland, the younger — meant his death during the lifetime of the testator, and as he survived the testator, the contingency provided for never happened, and the residuary estate vested in him absolutely.

When a devisee or bequest is made to a person, with a remainder over in case of his death, it is the general rule of construction that what is meant is his death during the lifetime of the testator. The testator having in contemplation the disposition to be made of his property at the time of his death, it is assumed, in the absence of anything in the will to the contrary, to have been his intention to make provision for a contingency that might happen between the time of making the will and that event. Where, therefore, a remainder over is provided for in case of the death of a devisee or legatee the will is, as I have said, construed to mean his death during the lifetime of the testator, unless there are controlling provisions in it, or from the whole tenor of the will, it is evident that the intention was otherwise (*Livingston* agt. *Green,* 52

Leonard *et al.* agt. Kingsland.

*N. Y.*, 124; *Cambridge* agt. *Rous*, 8 *Ves.*, 21; *Emory* agt. *Sheldon*, 68 *N. Y.*, 233; *Kelly* agt. *Kelly*, 61 *id.*, 50; *Moore* agt. *Lyons*, 25 *Wend.*, 119; *Lowfield* agt. *Stoneham*, 2 *Strange*, 1261; *Rose* agt. *Hill*, 2 *Burr*, 881; *Schoonmaker* agt. *Stockton*, 37 *Penn. St.*, 461; *Hinckley* agt. *Simons*, 4 *Ves.*, 160; *Trotter* agt. *Williams*, *Pre. Ch.*, 78; *S. C.*, 2 *Eq. Cas.* [*Abb.*], 344, *pl.* 2; 2 *Jarman on Wills, chap.* 49 [*2d Am. ed.*], *pp.* 468, 469, 500; 1 *Roper on Legacies* [*2d Am. ed.*], *pp.* 607, 608).

The reason of this rule is in part as above stated, but in addition to this, the law will never construe a remainder to be contingent, when the estate can be taken to be vested, the policy of the law being to construe estates as vested instead of contingent when there is any doubt (*Moore* agt. *Lyons*, 25 *Wend.*, 126, 152).

Slight circumstances may suffice to show the intention, as in *Douglas* agt. *Chalmers* (2 *Ves. Jr.*, 501) in which so slight a circumstance as the bequest of the testatrix's finest diamond ring, in the codicil of the will, was regarded as inconsistent with the supposition of the legatee's taking the whole interest in the residue, whilst if she took it for life only it was very natural.

The construction which makes the words " in case of death," &c., provide against the event of the legatee's death in the lifetime of the testator applies only where the prior gift is absolute and unrestricted, and not where the legatee takes a life interest only, for in the latter case it is assumed that the death referred to is the death that puts an end to the life estate; or, to express it differently, this construction applies only where the legacy is immediate, but made defeasible on the death of the legatee " (1 *Roper on Legacies*, 607; 2 *Jarman on Wills*, 666, *and cases cited in both works*). There are a few cases, says Jarman, of immediate bequests in which the words under consideration have been construed to refer to death at any time, and not to the contingent event of death, in the lifetime of the testator; but in each, he says, there

Leonard *et al.* agt. Kingsland.

seems to have been some circumstances evincing an intention to use the words in that rather than in the ordinary sense (2 *Jarman*, 660).

In this case there are none. The prior devise to Daniel Kingsland, the younger, is immediate. It is to him and "to his heirs," but defeasible upon his death. This is not only the case, but the property left to the remaining three children of the testator is left to them for their natural lives only, and, at their deaths, to their children, if they have any, and, if not, to other persons who are designated. There is, therefore, in this will, an immediate and absolute devise to Daniel, defeasible only as has been stated, and separate life estates in each of the testator's other children, a distinction that is very material in the construction of the will as tending to show that if it had not been his intention that Daniel, if he survived him, should have the residuary estate absolutely, he would have so expressed it, and given him, like the other children, a life estate only. The will, moreover, in the apt use that is made in it of technical terms, and the general structure of it, denotes that it was prepared by a professional person, who, it may reasonably be assumed, was acquainted with the rule, as it is well established, that where the contingency of the death of a legatee is provided for, the construction of the law is his death during the lifetime of the testator, unless there are provisions denoting the contrary, and this is a circumstance entitled to weight where no provisions have been inserted expressing a contrary intention (*Moore* agt. *Lyons*, 25 *Wend.*, 119).

In one of the earliest cases in which this question arose (*Lowfield* agt. *Storeham*, 2 *Strange*, 1261), the devise was " to my loving brother; and in case of his death, to his wife;" and it appearing that the brother survived the testator, it was held that the legacy vested in him at once on the death of the testator. And in one of the most recent cases (*Emory* agt. *Sheldon*, 68 *N. Y.*, 227), the rule was applied under circumstances not unlike the case now before us.

In that case there was a life estate during the lifetime of

the wife, and afterwards, during the lifetime of a son, upon whose .death the trustee created ceased, and by the will, the residue and remainder of the estate was left to three other children in equal parts, but in the event of any one of them dying, leaving lawful issue surviving, the issue was to take the share which the parent would have taken if living; and should no lawful issue survive, the share of the one dying went to others who were designated. One of these three persons was Daniel Emory. He did not take directly like Daniel Kingsland, the younger, but took a proportional part of the residuary estate after. the trust estate ceased. He survived the testator and had a child born after the testator's death. The question was raised whether the death referred to in the will meant a death before or after that of the testator; and there being no controlling provision showing a contrary intention, it was held that the will, according to the recognized construction applicable to wills, referred to a death happening in the lifetime of the testator; and as Daniel Emory survived the testator, that he took upon the death of the latter an absolute, indefeasible estate in remainder expectant on the final termination of the trust term.

In the application of this rule I can see no substantial difference between that and the present case. There the devise was to Daniel Emory, or in the event of his death, to his lawful issue, &c. Here it was to Daniel Kingsland, the younger, "and to his heirs; but if he died without issue, then to the testator's remaining children; and if, in the former case, the remainder vested absolutely in Daniel Emory, on the death of the testator, an estate in fee must also have vested absolutely in Daniel Kingsland, the younger, on the death of his father.

This being the construction of the will, and the residuary estate having passed, upon the death of the testator, to Daniel Kingsland, the younger, in fee, the plaintiffs take under his will, and not under that of Daniel Kingsland, the elder, and have no cause of action, the property, 40 Stuyvesant street,

having been transferred by Daniel Kingsland, the younger, in his lifetime, to his wife, the defendant.

The judgment of the special term therefore should be reversed.