HENRY MILLER AND JOHANNA MARIA DOROTHEA
   ELIZABETH MILLER, Plaintiffs, *v.* FRANCIS CARAG-
   HER, Defendant.

*Will — devise of a remainder to a son " or his heirs " — when it vests in the son.*

A testator by his will provided as follows: " I give and devise to my beloved
   wife Johanna M. D. E. all the rest and residue of my real estate as long as she
   shall remain unmarried and my widow, but on her decease or remarriage the
   remainder I give and bequeath to my son Henry *or his heirs.*"
*Held,* that upon the death of the testator the son Henry took a vested estate in
   remainder, and that he and his mother could give a good title to the real estate.

CONTROVERSY submitted upon an agreed statement of facts under
section 1279 of the Code of Civil Procedure.

*More, Aplington & More,* for the plaintiffs.

BRADY, J.:

On the 2d of February, 1885, the plaintiffs, one being the son
and the other the widow of Franz Henry Miller, deceased, by an
instrument in writing agreed to sell the premises described therein
to the defendant. The plaintiffs, in pursuance of the agreement,
tendered a warranty deed with full covenants executed in due form,
and also a bond and mortgage to be executed by the defendant in
accordance with the agreement. He refused to comply with the
contract upon the ground that the plaintiffs did not acquire by
the will of Franz Henry Miller, deceased, an estate in fee simple in
the premises proposed to be sold ; that their estate in the property
was merely contingent, and that neither of them acquired such an
interest as to enable them to comply with the requirements of the
contract by which they were bound to convey and assure to him
an indefeasible estate in fee simple absolute in the premises.
Thereupon it was agreed that this action should be commenced
and submitted, upon the facts stated, for determination by this
General Term.

The controversy arose upon the will of Franz Henry Miller, who
died on or about the 16th of March, 1883. His will, which bears
date the 25th day of May, 1869, and which was duly executed and
attested, contained five clauses, as to the interpretation or construc-

tion of the third of which a doubt is entertained by the defendant. The clause in question is as follows:

"I give and devise to my beloved wife, Johanna M. D. E., all the rest and residue of my real estate as long as she shall remain unmarried and my widow, but on her decease or remarriage the remainder I give and bequeath to my son Henry or his heirs."

The question presented therefore is, can the plaintiffs, being the widow and son of the testator mentioned in the third clause, give a good title under the will? . The widow is gifted with a life estate as long as she shall remain unmarried, and on her decease or remarriage the premises are given to his son Henry or his heirs. We have not been favored with any points on behalf of the defendant, or any explanation of the views entertained by him or his attorney, whoever he may be, but suppose that it is the word "or" after the word "Henry," that occasions the doubt. It is not supposed for a moment that if the word were "and" instead of "or," there would be any question presented. The case of *Moore* v. *Lyons* (25 Wend., 119), which is approved in the case of *Embury* v. *Sheldon* (68 N. Y., 227), and also *Livingston* v. *Greene* (52 id., 118), and *Kerr* v. *Bryan* (18 N. Y. Weekly Digest, 569), establish rules of construction by which Henry was vested with the fee upon the death of his father. As said by Chancellor KENT, in *Moore* v. *Lyons* (p. 143): "A remainder is not to be considered as contingent in any case where it may be construed to be vested consistently with the intention of the testator. The adverbs of time, therefore, such as *when, then, after, from* and *after*, etc., in a devise of a remainder limited upon a particular estate determinable on an event which must necessarily happen, are construed to relate merely to the time of the enjoyment of the estate and not to the time of its vesting in interest."

The clause in this will, however, as we have seen, is, "but on her decease or remarriage, the remainder I give and bequeath to my son Henry or his heirs," and by which the testator meant that the estate was to vest upon his death, but was not to be enjoyed in possession until the death or remarriage of his widow. And this seems to be a recognized rule of construction in the cases already mentioned. It is to be noted in considering this question, as suggested by Chancellor WALWORTH, in *Moore* v. *Lyons,*

that in the construction of wills in reference to the vesting of estates, it is a well settled principle that the law favors the vesting of estates, unless the intention be unequivocally expressed to the contrary. Here the testator intended, upon the decease of his widow or upon her remarriage, that Henry should have the estate if he survived him, and if not, then his heirs should have the estate upon the happening of either one of these contingencies. The word " or," to which reference has been made and in the connection in which it is placed, evidently referred to and was intended to provide against the death of Henry prior to the testator. In other words, he meant to vest the estate in Henry if he should survive him, and if not in his heirs. This is the rule of construction established by the cases already mentioned.

In the case of *Kerr* v. *Bryan* (*supra*), by his will the testator gave all the residue of his estate to his daughter Anna, and to her heirs forever. By a codicil it was provided that in case of the decease of his daughter Anna, all that he had devised and bequeathed to her should go to her children then living, share and share alike, and to them and their assigns forever. And it was insisted that under the codicil the daughter took only a life estate. It was held, however, that the words in the codicil, " in case of the decease of my daughter " referred to her death prior to that of the testator, but outliving the testator that she took the estate in fee. This case is in point. No doubt, however, is entertained that the testator intended to vest his estate in his son Henry if he survived him, the possession to follow upon the death of his widow or upon her remarriage, and none, either, that under the rules of construction of kindred provisions an estate in fee vested in him, and therefore that the union of the widow and Henry in the conveyance will confer an absolute estate in fee simple under the provisions in the will considered.

The plaintiffs are entitled to judgment.

DAVIS, P. J., concurred.

Judgment for plaintiffs.