## COTTING v. SCHERMERHORN et al.

(Supreme Court, General Term, First Department. December 29, 1890.)

WILLS—CONSTRUCTION—NATURE OF ESTATE—PERPETUITIES.

A will gave to a trustee all the residue of the estate in trust for the benefit of testator's widow and his son and daughter. The son was entitled, after attaining the age of 21 years, to one-third of the net proceeds of the trust, but, in the event of his death during the life-time of the widow, she was to have one-half of his one-third during the residue of her life, and after her death, the daughter, if she should survive both, would receive the same proportion of this share during her life. *Held* that, as the trustees took the legal title, and as, in case of such succession of interests, the trust could not be terminated until the death of the daughter, there was a possibility of a suspension of the power of alienation and absolute ownership for more than two lives in being at the time of the creation of the trust-estate, contrary to Rev. St. N. Y. pt. 2, c. 1, tit. 2, art. 1, §§ 14, 15, which rendered void the whole will, as no one part or share in the trust could be separated from the others.

Appeal from special term, New York county.

Action by Elizabeth Cotting, as executrix of Amos Cotting, deceased, against Katie T. Schermerhorn and others, for a construction of the will of said Amos Cotting. From the judgment entered therein said Katie T. Schermerhorn and others of the defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*John C. Cameron,* for appellants. *Hoppin & Talbot,* (*P. H. Vernon,* of counsel,) for defendant Charles Uriah Cotting, as trustee under the will, respondent.

DANIELS, J. The action was commenced by Joseph Addison Jameson, as one of the executors of the estate of Amos Cotting, deceased, to obtain a judicial construction of his will. The testator died on or about the 12th of May, 1889, leaving his widow and two children surviving him. His son was then of the age of 15 years, and the daughter had intermarried with J. Egmont Schermerhorn, and they had two children, who are defendants in this action. During the pendency of the action the plaintiff Jameson died, and it was afterwards revived, and the widow, who was executrix with him, was made the plaintiff, she having previously been a defendant owing to her refusal to join as plaintiff in its commencement. By his will, which was proved before the surrogate of the county of New York, of which the testator had been an inhabitant, he appointed his brother Charles Uriah Cotting, the respondent.

trustee of his estate, to whom he gave, devised, and bequeathed all the rest and residue of his estate, not previously and otherwise disposed of, and the rents, profits, and issues thereof; in trust, for the benefit of his widow and his two children.    This trust has been resisted by the persons immediately and beneficially interested therein as having been illegally created, and for that reason void, while the trustee has dissented from that view, and insisted upon the residue of the estate being transferred to him, to be used and employed in the execution of the trust.    The court, at the trial, held the trust to be valid, except the direction for an accumulation of profits for the benefit of the testator's son after his attainment of the age of 21 years.    That was held to be unlawful, as it surely was, and the rents and profits directed to be accumulated were by the judgment made payable to the son after he shall become 21 years of age, as the person legally entitled to receive them; and as he was eventually to become the owner of so much of the estate as would supply these rents and profits, this determination, beyond all fair ground for controversy, conformed to the statute.    *Schettler* v. *Smith*, 41 N. Y. 328; *Embury* v. *Sheldon*, 68 N. Y. 227, 237.    The trustee has been directed by the will to "pay over to my wife, Elizabeth Cotting, in equal quarterly installments, payable on the 1st days of January, April, July, and October, in each and every year, reckoning from the first of said quarter days occurring after my decease, and with power to anticipate any one of said quarterly payments at her request, the full and equal one-third part and portion of the whole net income, rents, and profits derived from said trust-estate.    And in the event of the death of either my said son or my said daughter during the life-time of my said wife, then, and in such case, to pay the one equal moiety, or one-half part of the whole net income, rents, and profits of said trust-estate, to my said wife during her life-time, and the other moiety or equal one-half part thereof to the survivor of my said children, each to be paid in the same manner and on the days and months designated in item first of this clause.    And still further, in the event of the death of both my said children intestate, and without lawful issue them surviving, prior to the death of my said wife, then, and in such case, to pay to my said wife, said Elizabeth Cotting, during her life-time, the whole net income, rents, and profits of said trust-estate."    The devise and bequest of the residue of the estate to the trustee for the purpose of conforming to these directions would create an express trust, and if it were lawfully directed would vest him with the title, (*Vernon* v. *Vernon*, 53 N. Y. 351; *Knox* v. *Jones*, 47 N. Y. 389;) for the trustee is to take the rents and profits of the estate, and apply them in this manner to the support and maintenance of the widow.    The same use of proportionate parts of the income and profits was directed for the benefit, respectively, of the son and daughter of the testator, and for these objects, also, it is necessary that the trustee shall have the legal title to the estate commensurate with the duration of his duties, which would for that time suspend the power of alienation, and absolute ownership of the property.    2 Rev. St. (6th Ed.) p. 1110, § 78; *Cook* v. *Lowry*, 95 N. Y. 103, 111.    And that has not been permitted to extend beyond two lives in being at the time of the creation of the trust-estate.    2 Rev. St. (6th Ed.) p. 1101, §§ 14, 15.    This restraint, it has been alleged, has been violated in the present instance, and if it has then it follows that the trust is void.

To ascertain whether that is the effect of the testator's directions in favor of these beneficiaries, a further examination of the will must be made.    If that restrained has been transcended, it has been done by the provisions affecting the rights of the testator's son under the trust, and by the contingent directions for the disposition of a part of his interest in favor of the widow and of the daughter before the estate can vest absolutely in her appointees or in her children.    By the second subdivision of the fourth clause of the will the trustee has been directed to pay to the guardian of the son, for his sup-

port, maintenance, and education. such yearly sum as the guardian shall think necessary, not exceeding the sum of $1,000, until he attains the age of 15 years, and $1,500 per annum after that until he shall be 21 years of age. And by the third subdivision this yearly amount is then to be increased to $2,500 until the age of 25 years, and after that one-third of the whole net income, rents, and profits of the trust-estate are made payable to him, subject to a possible contribution directed by the last paragraph of this division to maintain the income of the widow at the sum of $12,000 per annum. And to insure these payments to the son the testator, by the third subdivision, further directed that "the remainder of one equal one-third portion of the whole net income, rents, and profits of said intestate shall be set aside and be held by said trustee, and reinvested, as he may in his discretion deem best, to and for the use and benefit of my said son;" which seemed to him a divisible third of the income trust-estate. This part of the will also authorized the trustee to advance to the son, after the age of 25 years, and before the determination of the trust as to him, a sum not exceeding $50,000. But, as this will not affect the continuation of the trust in the residue, no further attention will be bestowed upon this direction. Upon the decease of the widow, if at that time the son shall have attained the age of 25 years, the trustee is directed by the fifth subdivision of paragraph 4 to pay to him one-half the net income, rents, and profits of the estate. But if he shall be under that age, then this direction has been subjected to those previously given for payments and accumulations to be made, which, so far as they relate to what should be done after the son shall become 21 years of age, would be necessarily inoperative under the statutes restraining the time beyond which accumulations will not be permitted. It was further directed when the son shall reach the age of 30 years—if that shall be after the decease of the widow, and if not then after her decease, and the acquirement of that age—that the trustee shall pay over to him one-half part or share of the estate, subject to any advancement previously made to him, as that has been authorized to an extent not exceeding $50,000. But by the eighth subdivision of paragraph 4, if the son shall die during the life-time of the widow, then the trustee is directed "to pay the one equal moiety, or one-half part, of the whole net income, rents, and profits of said trust-estate to my said wife during her life-time, and the other moiety, or equal one-half part thereof, to the survivor of my said children." This direction, if it should be complied with, would give to the widow one-half of the third of the income, rents, and profits previously directed to be paid to the testator's son during his life, for the residue of her life, after his decease. The further direction has also been added: "But if my said son shall be deceased, intestate, and without lawful issue him surviving, at the time of the decease of my said wife, then, and in such case, at, upon, and after the death of my said wife, to pay to my said daughter, Katie T. Cotting, during her life-time, the whole net income, rents, and profits of the whole of said estate in the manner and on the days and months designated in item first of this clause, but in all respects subject to the directions given and declared in item fifth of this clause; and at and upon the death of my said daughter the whole of said estate shall pass, vest, and be paid over, assigned, transferred, conveyed, and delivered as provided for, declared, and directed in item seventh of this clause." And if that, together with those before given, should be complied with, then the son, dying in the life-time of his mother after he attains the age of 21 years, will have one-third of the net proceeds of the trust during his life-time, his mother, the widow, will have one-half of his third during the residue of her life, and the daughter, if she shall survive both, will receive the same proportion of this share of the income, rents, and profits during her life. This is a succession of interests which have all been provided for by the will. And as there is a possibility that the son will die during the life of the widow, this devolution of interests if the trust is to be executed may in the future take place. He may enjoy the

use of his third of the rents, income, and profits during his life, the widow may become entitled, under the language of the will, to one-half of that third, after his decease in her life-time, for the residue of her life, and the daughter, as the final survivor, may take the same, after the termination of the life of the widow, for the period of her own life. And the trust-estate must all remain together under the control and management of the trustee to obtain the income, rents, and profits to be in this manner administered and applied, until the decease of the testator's daughter. At no earlier time could it be terminated, if the directions of the will should be executed. This is clearly the construction required, for while all three of the beneficiaries live the rents and profits to be divided must be obtained from the entire residue of the estate. And if the son shall die in the life-time of his mother, the same necessity will exist, for all the rents, income, and profits are in that event to be divided between the widow and the daughter, and after the decease of the widow then all are to be paid to the daughter during her life-time; and that can only be done by maintaining the trust as an entirety until the decease of the daughter; and that does provide for the suspension of the power of alienation and absolute ownership for more than two lives in being at the time of the creation of the trust-estate, which, under the law, renders this will inoperative and void, for no separation can be made, as the directions have been given, of one part or share in the trust from that of the others. *Colton* v. *Fox*, 67 N. Y. 349; *Ward* v. *Ward*, 105 N. Y. 68, 75, 11 N. E. Rep. 373. The judgment should accordingly be reversed, and judgment directed declaring the trust which the testator intended to create to be unlawful and void, with costs to the appellant and respondent, to be paid out of the estate, and a suitable compensation to the guardian *ad litem* upon the presentation of his affidavit required by the general rules of practice.

VAN BRUNT, P. J. I concur. It appears conclusively that the provisions of the will depend upon these lives, for until the death of the widow and both children there can be no distribution of the estate.

BRADY, J., concurs.