IN THE MATTER OF THE FINAL JUDICIAL SETTLEMENT OF THE ACCOUNT OF ANNA TIENKEN AND ANOTHER, AS EXECUTORS AND TRUSTEES OF HENRY TIENKEN, DECEASED.

ANNA M. TIENKEN, APPELLANT.

*Will — vested remainder subject to life estate — by what provisions created — such an interest is devisable during the life estate.*

A testator, by his will, gave to his wife a life estate in certain land ; the rest of his land was to be managed by his executors, who were to pay his wife, from the income thereof, a certain sum and divide the remainder among his children. He permitted certain real estate to be sold, and if sold one-third of the proceeds was to be invested for the widow for life, and the remainder was to be divided equally among his children. If any child died leaving issue, such issue was to take the father's share. At the death of the widow the remaining land was to be sold, and its proceeds were to be divided equally among his children. *Held,* that it was the testator's intention to vest in each child living at the time of his death an equal share of his estate, subject to the widow's life estate.

That such vested interest would pass by the will of a child who died before the widow.

APPEALS by Anna M. Tienken from a decree entered in the Surrogate's Court of Kings county, on the 17th day of February, 1891, adjudging that she had no interest or share in the estate of

Henry Tienken, deceased; also from an order entered in said office on the 19th day of January, 1891, consolidating the two above entitled proceedings.

*Theo. N. Melvin,* for Anna M. Tienken, appellant.

*George F. Martens,* for John H. Tienken, respondent.

*J. F. Bullwinkel,* for the executors and trustees.

BARNARD, P. J.:

Henry Tienken died in Kings county in October, 1884, leaving a last will and testament and codicil thereto, which have been admitted to probate. The testator left a widow, Anna Tienken, and four children. One of the testator's sons, Henry M. Tienken, died in October, 1889, leaving a will, and leaving a widow and no children. By his will he gave all his property to his wife. The question presented is whether the deceased son had any estate under his father's will which he could transmit by a will of his own. The life estate of the widow is not yet terminated. By the will of the elder Tienken a life estate is given to his wife in certain land. The rest of his lands were to be managed by his executors, and out of the proceeds $2,000 a year was to be paid to his wife and the balance yearly to be divided among his children. Certain real estate might be sold during the existence of the life estate and one-third of the proceeds invested for the widow for life and the balance divided among the children equally.

The will provided that if any child be dead, leaving issue, the issue should take the father's share. Certain sums were to be set apart out of the personal property for legacies to certain named grandchildren, payable upon arriving at twenty-one years of age. If any grandchild should die before that time, the legacy to be divided among the children.

The will provided that after the expiration of the life estate the remaining land should be sold and the proceeds divided among the testator's children. The clause which gives a child's share in case of his death with issue means a child who dies during the testator's life. (*Embury* v. *Sheldon,* 68 N. Y., 227.)

A gift of a life estate, with remainder "upon" and "at and after" the termination thereof to children of testator, gives a vested remainder at the death of testator with time of payment only postponed. (*Livingston* v. *Greene,* 52 N. Y., 124; *Stevenson* v. *Lesley,* 70 id., 515.)

The will disposes of the whole estate.

Applying these rules to the will, it is quite clear that it was the intention of the testator at his death to vest in each child then living an equal share of his estate subject to the life estate. Where a gift is only found, in a direction to divide at a future time, the gift is contingent, but this rule must yield to the intent of the testator. The point presented is covered by the case of *Goebel* v. *Wolf* (113 N. Y., 405).

There was no immediate gift to the children. There was nothing on the face of the will that any child should not take his share in the final division. The distribution was not limited to children "then" living or to those of his children who survived the life estate. The Court of Appeals also gave great weight to the fact that before the life estate ended certain of the personal property passed at once to the children who survived testator.

We, therefore, conclude that the interest of Henry Tienken became vested under his father's will.

The decree of the surrogate should be modified accordingly.

The decree is reversed, with costs to appellant out of the estate, and the proceedings remitted to the surrogate for further action.

Pratt, J., concurred.

Decree reversed, with costs to appellant out of the estate, and proceedings remitted to surrogate.