(86 Misc. Rep. 104)

### TREDWELL et al. v. TREDWELL et al.

(Supreme Court, Special Term, Kings County. June 25, 1914.)

1. TRUSTS (§ 11*)—EXPRESS TRUSTS—PURPOSES.

　　A testamentary gift to trustees, to pay from the income a specified sum to testator's widow for life, and the balance to his children equally during the life of the widow, creates a valid express trust, under Real Property Law (Consol. Laws, c. 50) § 96, authorizing the creation of an express trust to apply the profits for the use of any person for life or shorter term.

　　[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 9; Dec. Dig. § 11.*]

2. WILLS (§ 634*)—CONSTRUCTION—VESTED REMAINDERS.

　　Under a will whereby testator gave his residuary estate to trustees, to pay from the income a specified sum annually to his widow for life, and the balance to his five children, and on the death of the widow the trust fund to pass to the children, share and share alike, their heirs and assigns, forever, each child took a vested remainder on the death of testator, which was expectant estate, under Real Property Law (Consol. Laws, c. 50) § 59, and the remainder of any child predeceasing the widow passed under his will, if any, or to their heirs and next of kin, if intestate.

　　[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

3. DOWER (§ 18*)—PROPERTY SUBJECT TO DOWER.

　　Where a husband has but a vested remainder expectant on an estate for life, his widow is not entitled to dower.

　　[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 63–65; Dec. Dig. § 18.*]

4. DESCENT AND DISTRIBUTION (§ 17*)—PERSONAL PROPERTY.

　　Where one having a vested remainder expectant on an estate for life died intestate before the life tenant, the estate, so far as consisting of personalty, was distributable, under the Decedent Estate Law (Consol. Laws, c. 13), one-third to his widow, and the balance equally among his children.

　　[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 51, 52; Dec. Dig. § 17.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. WILLS (§ 634*)—TESTAMENTARY TRUSTS—BEQUEST OF INCOME.

Where testator gave his residuary estate to trustees, in trust to pay a specified sum of income to his widow for life, and the balance thereof to his children equally, but made no provision for the disposition of the balance of income on the death of any child during the lifetime of the widow, and provided that on the death of the widow the trust fund should pass to his children, their heirs and assigns, forever, and thereby gave the children vested remainders on the death of testator, the shares of income of children predeceasing the widow did not pass to the surviving children, but the representatives of the deceased children took the shares, under Real Property Law (Consol. Laws, c. 50) § 63, and Personal Property Law (Consol. Laws, c. 41) § 11, providing that when, in consequence of a valid limitation of an expectant estate, there is a suspension of ownership, during the continuance of which rents and profits are undisposed of, the same shall belong to the persons presumptively entitled to the next eventual estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

6. TRUSTS (§ 205*)—TESTAMENTARY TRUSTEES—POWER TO LEASE REAL ESTATE.

A trustee, to whom the residuary estate of testator is left in trust, to hold and invest and pay the income to beneficiaries designated, has no power to make leases of real estate for terms extending beyond the trust period, unless authorized by order of the Supreme Court, as provided by Real Property Law (Consol. Laws, c. 50) § 106.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 280–282; Dec. Dig. § 205.*]

Action by Sarah James Tredwell and another, trustees of Alanson Tredwell, deceased, against James C. Tredwell and others, to construe the will of the deceased. Judgment ordered.

Francis Stockton McDivitt, of New York City, for plaintiffs.
William H. Stryker, of Brooklyn, for defendant Rowland.
Samuel Green, for defendants Tredwell.
Alvah W. Burlingame, Jr., of Brooklyn, for guardian ad litem.

KELBY, J. The trustees under the will of Alanson Tredwell bring this action to construe certain provisions of the last will of the testator. The will was probated July 19, 1911, the testator leaving him surviving his widow, Sarah James Tredwell, and five children, viz., James C. Tredwell, Idabell Rowland, Wesley S. Tredwell, Alonzo Slote Tredwell and Susie S. Smith. The widow and three children are still living. Wesley S. Tredwell, a son, died intestate June 25, 1911, leaving him surviving his widow, Belle Tredwell, and four minor children, Adelaide C., Belle A., Dorothy, and Alanson. Idabell Rowland, a daughter of testator, died April 19th, leaving no descendants. Her will, duly probated, gives all her estate to her surviving husband, William F. Rowland. The main questions at issue in the case arise out of the following provisions of the will:

"Third. All the rest, residue and remainder of my estate, both real and personal, of every name and nature and wheresoever situated of which I shall be the owner, seised or possessed, or to which I shall be entitled at the time of my death, I give, devise and bequeath unto my beloved wife *Sarah James Tredwell*, my son *Wesley S. Tredwell* and my son *Alonzo Slote Tredwell, M. D.*, and to the survivors or survivor of them, *in trust*, to enter upon and take possession of the same, and to invest and keep invested in first-class

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

securities my personal estate, and to receive the interest, income and profits of my personal estate, and the rents, issues, income and profits of my real estate during the natural life of my said wife Sarah James Tredwell, and after paying out of my estate all taxes, assessments, insurance premiums, interest, repairs and any other expenses which shall be necessary for the proper care, preservation and management of my estate, to pay unto my beloved wife *Sarah James Tredwell* the sum of *three thousand (3,000) dollars* per annum, in equal quarterly payments for her own use, support and maintenance during her natural life, and to pay the balance of such rents, issues, profits, interest and income of my estate in equal quarterly payments unto the following named, my children, for their own use and benefit, that is to say: One-fifth part thereof unto my son James C. Tredwell; one-fifth part thereof unto my daughter Idabell Rowland; one-fifth part thereof unto my son Wesley S. Tredwell; one-fifth part thereof unto my son Alonzo Slote Tredwell, M. D., and one-fifth part thereof unto my daughter Susie S. Smith.

"Fourth. Upon the death of my wife Sarah James Tredwell I give, devise and bequeath all my said estate, both real and personal, as above stated, unto my five children, namely, James C. Tredwell, Idabell Rowland, Wesley S. Tredwell, Alonzo Slote Tredwell, M. D., and Susie S. Smith, equally, share and share alike, their heirs and assigns forever."

[1] The provisions of the will just quoted in paragraph third clearly create a valid express trust under section 96 of the Real Property Law. Stringer v. Young, 191 N. Y. 157, 83 N. E. 690.

[2] By the fourth paragraph of the will just quoted, each of the five children took vested remainders in the residue of the estate. Their remainders vested on the death of the testator, and are not limited on the death of their mother. The children named have an immediate right of possession on the termination of the precedent estate of their mother. Connolly v. O'Brien, 166 N. Y. 406, 60 N. E. 20. As each of the children took a vested remainder, they each had an expectant estate, which under section 59 of the Real Property Law "is descendible, devisable and alienable in the same manner as an estate in possession." Therefore the estate in remainder of the deceased daughter Idabell Rowland passes under her will to her husband, William F. Rowland. In like manner the vested estate in remainder of the deceased son Wesley S. Tredwell descends and is distributable to his heirs and next of kin, respectively. That part of the remainder, therefore, that consists of realty, descends to his children Adelaide C. Tredwell, Belle A. Tredwell, Dorothy Tredwell, and Alanson Tredwell.

[3] The widow of the testator's deceased son Wesley S. Tredwell has no right of dower in the part of said remainder that consists of realty. The estate of the husband must be a present freehold in possession, as well as an estate of inheritance before dower attaches. Therefore, when the husband, as in this case, has but a vested remainder expectant upon an estate for life, the widow is not endowed. Durando v. Durando, 23 N. Y. 331; House v. Jackson, 50 N. Y. 161.

[4] As to that part of Wesley S. Tredwell's vested remainder that consists of personalty, that is distributable, under the Decedent Estate Law, one-third to the widow and one-sixth to each of Wesley S. Tredwell's four children above named.

[5] Another question arises by reason of the testator not expressly providing for a contingency that has happened, namely, the death of two of testator's children before his widow. The shares of income

bequeathed to Idabell Rowland and Wesley S. Tredwell, respectively, are undisposed of by the will. The bequest of the income was to the five children of the testator named in paragraph third of the will as tenants in common, and not as a class. Hence the shares of income bequeathed to Idabell Rowland and Wesley S. Tredwell do not pass to the surviving three children of the testator. Tompkins v. Verplanck, 10 App. Div. 576, 42 N. Y. Supp. 412; Delafield v. Shipman, 103 N. Y. 463, 9 N. E. 184. Section 63 of the Real Property Law applies to the situation here presented, and reads as follows:

"When, in consequence of a valid limitation of an expectant estate, there is a suspension of the power of alienation, or of the ownership, during the continuance of which the rents and profits are undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate."

In the case at bar all of the elements just recited in the statute are present. The disposition of undisposed income from personalty is the same as that from realty. Cook v. Lowry, 95 N. Y. 103, 108; Matter of Harteau, 204 N. Y. 292, 300, 97 N. E. 726. Personal Property Law, § 11. The next eventual estate is "the estate which is to take effect upon the happening of the event which terminates the accumulation." In the case at bar that event is the death of testator's widow. As each of the deceased children, Idabell Rowland and Wesley S. Tredwell, took a vested estate at the death of the testator which was devisable and descendible, the executor of the estate of Idabell Rowland and the administrator of the estate of Wesley S. Tredwell are the respective persons entitled to the next eventual estate for the purposes declared by the testator. Young v. Barker, 141 App. Div. 801, 807, 127 N. Y. Supp. 211; Matter of Tompkins, 154 N. Y. 644, 49 N. E. 135. In Phelps, Executor, v. Pond, 23 N. Y. 83 the court said:

"The statute is founded upon the presumption that the donor of property may naturally be supposed to intend that the income should go to the same person to whom he had given that out of which the income arises."

[6] Plaintiffs also ask to have determined in this action the following question, viz.:

"Have the trustees the power to make leases of real estate for terms extending beyond the trust period?"

The trustees, in my opinion, have no such power, unless they are authorized by an order of the Supreme Court to make a lease for a term of years which may exceed the trust period. Real Property Law, § 106; Weir v. Barker, 104 App. Div. 112, 93 N. Y. Supp. 732; Matter of City of N. Y., 81 App. Div. 27, 81 N. Y. Supp. 32, affirmed 179 N. Y. 572, 73 N. E. 1127; Corse v. Corse, 144 N. Y. 569, 39 N. E. 630; Fowler, Real Property Law (3d Ed.) 516 et seq.

Submit findings of fact and conclusions of law and proposed judgment, with memorandum as to costs to be allowed the various parties.